J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
DIANA S. ERB, ESQ.
STATE BAR NO. 10580
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
(702) 385-3373
(702) 949-8398/fax

Attorneys for Defendants Countrywide
Home Loans, Inc. and Recontrust Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO,<br><br>       Plaintiff,<br><br> vs.<br><br>COUNTRYWIDE HOME LOANS;<br>RECONTRUST COMPANY; et al.,<br><br>       Defendants. | Case:<br><br><br>**DEFENDANTS' PETITION FOR<br>REMOVAL OF CIVIL ACTION** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

The removing parties, Countrywide Home Loans, Inc. ("CHL") and Recontrust Company ("Recontrust"), respectfully show:

  1. CHL and Recontrust are Defendants in the above-entitled action.

  2. That the above-entitled action was commenced in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, and is now pending in that Court under the designated Case No. A578172, Department II.

  3. Process was served upon Petitioners CHL and Recontrust on December 24, 2008, by service upon their resident agents.

  4. This case involves claims by the pro se Plaintiff that the Defendants improperly processed, serviced, and transferred his home mortgage loan. Although it is difficult to determine

from the Complaint exactly what the allegations against the named Defendants are, Plaintiff seems to allege that Defendants did not properly make the disclosures required by 15 U.S.C. §1601 and 12 USC §2605, TILA, RESPA and HOEPA.

This case is one of many that have recently been filed across the country by homeowners seeking to simply stall or delay foreclosure proceedings after the plaintiffs have long stopped making the required mortgage payments.

5.     Plaintiff's claims appear to be based on alleged violations of federal statutes. Defendants deny such violations.

6.     These claims are completely preempted by the provisions of the federal statutes and Plaintiff's claims must be recharacterized as federal claims for relief.

7.     Defendants CHL and Recontrust are entitled to remove this action to this Court under 28 U.S.C. §1441 on the grounds that this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1331 in that, under the complete preemption doctrine, it is an action arising under the laws of the United States, specifically the provisions of the National Bank Act and provisions of the Truth in Lending Act, 15 U.S.C. §1601 et seq., 15 U.S.C. §2601, 1602(f) and Regulation Z §226.2(a)(17).

8.     Supplemental jurisdiction of any state law claims is proper under 28 U.S.C. §§1367(a).

9.     Thirty days have not elapsed since Defendants were served with the Summons and Complaint in this action.

10.     Copies of all process, pleadings and other orders served upon Petitioners are attached hereto.

11.     A true and correct copy of this Petition for Removal will be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada, Department II.

1    WHEREFORE, Petitioners pray that this action be removed.

2    DATED this _12_ day of January, 2009.

3                                    LEWIS AND ROCA LLP

4

5                                    By _____
                                          J. CHRISTOPHER JORGENSEN, ESQ.
6                                         STATE BAR NO. 5382
                                          DIANA S. ERB, ESQ.
7                                         STATE BAR NO. 10580
                                          3993 Howard Hughes Pkwy., Ste. 600
8                                         Las Vegas, NV  89169
                                          Attorneys for Defendants
9

10

11

12

13                          **CERTIFICATE OF SERVICE**

14        Pursuant to Nev. R. Civ. P. 5(b), I hereby certify that service of the foregoing document
     was made on the _13_ day of January, 2009, by depositing a copy for mailing, first class mail,
15   postage prepaid, at Las Vegas, Nevada, to the following:

16

17   Fidel H. Pajarillo
     6706 Zephyr Wind Avenue
18   Las Vegas, NV 89139
     Pro Se Plaintiff

19

20   _____
     an employee of Lewis and Roca LLP

21

22

23

24

25

26

27

28

**COMP**
FIDEL H. PAJARILLO
6706 Zephyr Wind Avenue
Las Vegas, Nevada 89139
(702) 276-4766
Plaintiff *In Pro Se*

FILED

2008 DEC 18  P 3: 33

## DISTRICT COURT

## CLARK COUNTY NEVADA

FIDEL H. PAJARILLO

                Plaintiff,

   vs.,

COUNTRYWIDE HOMES LOANS,
RECONTRUST COMPANY, and DOES I-X
inclusive,

             Defendants.

Case No:  A 5 7 8 1 7 2
       II

Department:

**COMPLAINT**

Exemption from Arbitration Claimed as
Title to Real Estate is in issue and the
amount exceeds the limit of arbitration

Plaintiff complains and for causes of action alleges as follows:

### PARTIES

1. Plaintiff, FIDEL H. PAJARILLO at all times relevant has been a resident of the County of Clark, State of Nevada and the owner of real property, including but not limited to the property at issue herein, 6706 Zephyr Wind Avenue, Las Vegas, Nevada 89139. The Legal descriptions are as follows: APN: 176-11-210-017

1

Lot SEVENTEEN (17) in Block ONE (1) of PINNACLE PEAKS – TORREY PINES
NORTHWEST,, as shown by Map thereof on file in Book 91of Plats Page (28) in the
Office of the County Recorder of Clark County Nevada

2. Mortgage Electronic Registration Systems Inc., ("MERS") is not a defendant in this litigation
however at all times herein mentioned was doing business in the County of Clark, State of Nevada
and alleged to be the Beneficiary regarding Plaintiff's real property as described above and as
situated in Clark County Nevada.

3. Defendant, COUNTRYWIDE HOMES LOANS ("COUNTRYWIDE") at all times herein
mentioned was doing business in the County of Clark, State of Nevada and was the original
Lender for both Plaintiff's First and Second Trust Deeds and Notes.

4. Defendant RECONTRUST COMPANY at all times herein mentioned was doing business in the
County of Clark, State of Nevada and was appointed the successive trustee by MERS to conduct
the foreclosure of the above named real property.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES I
through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will
amend this complaint to allege their true names and capacities when they have been ascertained.

6. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of
the Defendants sued herein in relation to the property they claim an interest in was the agent and
employee of each of the remaining Defendants thereof and at all times was acting within the
purpose and scope of such agency and employment.

## GENERAL ALLEGATIONS

7.      Plaintiff's general allegations are incorporated throughout the entire complaint.

8.      Plaintiff purchased the foregoing real property and on or about December 2, 2005 and
financed his purchase through Defendant COUNTRYWIDE by virtue of a First and Second Trust
Deed and Notes securing the Loans.

9.      Defendant COUNTRYWIDE caused MERS to go on title as the "Nominee Beneficiary"
in order to hide the true identity of the successive Beneficiaries, on information and belief a

2

Complaint

1  "Nominee" is a person or entity or organization in whose name a security is registered though true
2  ownership is held by another party, in other words MERS is not the Beneficiary.

3  10.   On information and Belief MERS was not and is not an agent and has NO right to act for
4  or on behalf of or as a Beneficiary, but is merely a "Nominee" who holds title in his name for
5  another, and even this title is defective as the Beneficiary is not disclosed.

6  11.   On information and belief COUNTRYWIDE immediately sold the notes and Trust Deeds
7  ("TD") prior to or soon after the first payment became due, eventually the Defendants as sued
8  herein claimed an interest in the said Notes and Trust Deeds, and MERS wrongfully acted as the
9  Beneficiary and substituted RECONTRUST COMPANY as the successive trustee and
10 RECONTRUST thereafter recorded the Notice of Default, and election to sell at auction notices,
11 and has set a sale Date for this Auction. Their claimed interest is at best a fraud as will be more
12 fully explained hereinafter.

13 12.   The terms and conditions of the loans as they would progress through time was not
14 explained to Plaintiff, these loans were neither proper nor suitable for his condition and station in
15 life, these loans exceeded the reasonable expected value of the property at that time and in the
16 foreseeable future based upon expected market changes; these loans were an attempt to acquire
17 mortgage broker premiums, appraiser fees, lender service fees, and to pay sub-prime loans all to
18 the advantage of the Defendants and disadvantage of the Plaintiff and this was done as a group of
19 individuals in this industry or concerted action or through civil conspiracy, all to the disadvantage
20 of the Plaintiff as pled more particularly below.

21
22                                **FIRST CLAIM FOR RELIEF**
                                        Negligence

23 13.   Defendants, and each of them, owed a duty to Plaintiff to perform their professional
24 services in a manner which placed Plaintiff's interests above the Defendants' and to deal honestly,
25 directly, and accurately with the Plaintiff and each other. The Defendants, and each of them,
26 breached their duty to the Plaintiff by failing to disclose relevant information, failing to provide
27 additional options for the Plaintiff, failing to conduct reasonable evaluation into the merits of the
28 loan transactions and the property itself, and other regular, customary and usual activities that are

3

1  born and conducted by professionals of their same nature and type. As a direct result of the
2  breaches by the Defendants, and each of them, Plaintiff was placed into loans that were
3  inappropriate for his personal financial circumstances at the time, Plaintiff was mislead regarding
4  the nature of his transaction, and other wrongful conduct, all of which lead to Plaintiff's damages
5  as discussed herein.

6  14.    As a direct and proximate result of the conduct described herein, and omissions of
7  Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental
8  distress from their economic misfortune and must be awarded appropriate damages.

9  15.    As a direct and proximate result of the above described conduct and omissions of
10  Defendants, Plaintiff has sustained and is certain to sustain in the future, losses, injuries, and
11  additional damages of emotional, physical, and economic nature and must be awarded appropriate
12  damages.

13  16.    As a direct and proximate result of the above described conduct and omissions of the
14  Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental,
15  physical, and economic damages.

16

17  ### SECOND CLAIM FOR RELIEF
Negligence per se

18  17.    The mortgage broker Defendants and lender Defendants are subject to Nevada Revised
19  Statues and Nevada Administrative Code provisions that govern and direct their conduct. Plaintiff
20  was a member of the class of citizens of the State of Nevada for whose benefit the Statutes and
21  Codes were enacted and for whose protection the Statutes and Codes were designed to provide.
22  The Defendants violated the Statutes and Codes enumerated at NRS 645B.460 *et seq.* and
23  598D.100 *et seq.* and Federal Regulations such as RESPA, Truth in Lending, etc.

24  18.    As a direct and proximate result of the conduct described herein, and omissions of
25  Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental
26  distress from their economic misfortune and must be awarded damages.

27

28

4

---
Complaint

19.     As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded damages.

20.     As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

## THIRD CLAIM FOR RELIEF
Breach of Fiduciary Duty

21.     All Defendants were agents of Plaintiff or Defendants were compensated to work for or on behalf of Plaintiff to close the loan transactions discussed herein all of which gave rise to a fiduciary duty owed by the Defendants to Plaintiff to perform their duties, obligations, and functions in a fair, upstanding, honest, forthright manner, and to conduct themselves so that Plaintiff would experience the benefit of their professional education, training, and to place the Plaintiff's interests above and before the interests of the Defendants. The Defendants breached their fiduciary duty to the Plaintiff in the performance of their professional duties and obligations, which breaches caused Plaintiff to suffer damages discussed herein.

22.     As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded damages.

23.     As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded appropriate damages.

24.     As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

///

///

5

Complaint

### FOURTH CLAIM FOR RELIEF
Negligent Misrepresentation

25.     The Defendants, and each of them, had a duty and obligation to represent accurately, truthfully, and completely all the information that Plaintiff relied upon in performing his investigation, consideration and evaluation of whether to obtain additional mortgage financing, alternate mortgage financing, and/or the selection of refinancing for the subject property.  The Defendants breached their duty and obligation to provide accurate, truthful and complete information by failing to provide the information to Plaintiff in a manner that he would understand with his limited understanding, education and training in these matters, and they failed to provide all the information necessary for Plaintiff to make a complete accurate and well-thought decision on these financial issues, all of which caused him damage.  Plaintiff relied upon the negligent misrepresentations of the Defendants informing his decision regarding the loan transactions at issue.

26.     As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded appropriate damages.

27.     As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded appropriate damages.

28.     As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

### FIFTH CLAIM FOR RELIEF
Intentional Misrepresentation

29.     The Defendants, and each of them, had a duty to represent accurately, truthfully, and completely all the information to Plaintiff and in a manner that the Plaintiff actually understood the content of the information so that Plaintiff could make and be responsible for the decision

6

1 whether to refinance, if so, which loan to use to refinance, and the advantages and disadvantages
2 of the various types of loans.  The Defendants, and each of them, intentionally misrepresented the
3 nature of the loans, that the Plaintiff needed, a new mortgage, that a new mortgage was suitable for
4 Plaintiff that a mortgage of a sub-prime nature was in Plaintiff's benefit, and other intentional
5 misrepresentations which Plaintiff relied upon informing his decision regarding the loan
6 transactions.

7 30.     As a direct and proximate result of the conduct described herein, and omissions of
8 Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental
9 distress from their economic misfortune and must be awarded punitive damages.

10 31.     As a direct and proximate result of the above described conduct and omissions of
11 Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and
12 additional damages of emotional, physical, and economic nature, and must be awarded punitive
13 damages.

14 32.     As a direct and proximate result of the above described conduct and omissions of the
15 Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental,
16 physical, and economic damages and must be awarded punitive damages.

17 33.     As a direct and proximate result of the Defendants' intentional misrepresentation, Plaintiff
18 sustained severe and catastrophic economic damages as well as severe emotional and physical
19 damages; as such, the Defendants' conduct was sinister, callous, and done with malice, oppression
20 and fraud, and the Defendants should be punished accordingly; therefore, Plaintiff respectfully
21 requests and award of exemplary or punitive damages against the Defendants as the Court deems
22 proper.

23
### SIXTH CLAIM FOR RELIEF
Breach of the Covenant of Good Faith and Fair Dealing

24 34.     Plaintiff had oral and/or written agreements with all the Defendants and/or through the
25 laws of agency, all the Defendants were bound by the agreements, oral or written made by and
26 between Defendants to Plaintiff.

27 35.     Each agreement between Defendants and Plaintiff required that the Defendants deal fairly
28 and in good faith with Plaintiff and not seek to take an undue advantage of Plaintiff in his

7

1  weakened bargaining position and with **his** lesser knowledge, skill, education, and ability
2  regarding the loan transactions.

3  36.    Defendants violated their duties and breached the covenant of good faith and fair dealing
4  with Plaintiff and caused Plaintiff severe economic and personal damages.

5  37.    As a direct and proximate result of the conduct described herein, and omissions of
6  Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental
7  distress from their economic misfortune.

8  38.    As a direct and proximate result of the above described conduct and omissions of
9  Defendants, Plaintiff has sustained and is certain to sustain in the future, losses, injuries, and
10  additional damages of emotional and physical.

11  39.    As a direct and proximate result of the above described conduct and omissions of the
12  Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental,
13  physical, and economic damages.

14                        **SEVENTH CLAIM FOR RELIEF**
15                             Wrongful Foreclosure
16       Against COUNTRYWIDE HOMES LOANS, and RECONTRUST COMPANY

17  40.    On information and belief, MERS wrongfully acting as the Beneficiary substituted
18  RECONTRUST as the successive trustee and RECONTRUST recorded the Notice of Default.

19  41.    On the Notice of Breach, it stated, in part, that Plaintiffs as Trustor, to secure certain
20  obligations in favor of MERS, as beneficiary.

21  42.    This representation was made by these defendants in order to induce reliance by
22  Plaintiffs

23  43.    Plaintiffs did rely on these representations and because of their reliance their
24  property has been foreclosed and title taken in the name of an unknown entity and Plaintiffs
25  reliance was justified.

26  44.    Plaintiffs are informed and believe that the representation as stated on the Notice of
27  Default were a false representation in the following particular(s)

28          A.  Documents were not provided to the trustee that showed that either MERS or

8

Complaint

1  COUNTRYWIDE was the Beneficiary and entitled to the payments.

2  B. At the time RECONTRUST made the representations they knew they were false

3  and were made for the sole purpose of inducing reliance.

4  45.  The actions of Defendants and each of them were fraudulent oppressive and malicious so

5  as to warrant the imposition of exemplary damages, and that by virtue of Defendants conduct as

6  set forth herein Plaintiffs is entitled to exemplary damages

7  46.  As a direct and proximate result of the fraudulent conduct of the Defendants stated herein,

8  Plaintiff obtained improper re-financing for his property which, with market conditions, now

9  renders the property subject to economic failure.

10  47.  Defendants, and each of them, have foreclosed on a property that they had no right to

11  foreclose upon.

12  48.  Defendants, have not produced the note to prove who the real party in interest is.

13  49.  NRCP 17(a) requires that a real party in interest must commence an action or that action

14  will be dismissed.

15  50.  Here none of the defendants are the real party in interest as they have not provided nor can

16  they provide the note.

17  51.  As a direct and proximate result of the conduct described herein, and omissions of

18  Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental

19  distress from their economic misfortune and thus entitled to damages.

20  52.  As a direct and proximate result of the above described conduct and omissions of

21  Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and

22  additional damages of emotional, physical, and economic nature, and is entitled to damages.

23  53.  As a direct and proximate result of the above described conduct and omissions of the

24  Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental,

25  physical, and economic damages.

26

### EIGTHTH CLAIM FOR RELIEF
Unfair Lending Practices
Against all Defendants

27

28

9

Complaint

1  54.     Defendants, and each of them, violated Section 598D of the Nevada Revised Statutes
2  defining unfair lending practices.

3  55.     Defendants, and each of them, knowingly or intentionally made a home loan to Plaintiff
4  without determining, using commercially reasonable means or mechanism, that the borrower has
5  the ability to repay the loan.

6  56.     Pursuant to NRS 598D.110 Plaintiff is entitled to treble damages.

7  57.     Pursuant to NRS 598D.110 Plaintiff is entitled to cancelation of any pending foreclosure
8  sale as well as cure to any existing default.

9

10      WHEREFORE, Plaintiffs prays for damages as follows:

11      1.      For compensatory damages in an amount in excess of Ten Thousand Dollars
12  ($10,000.00);

13      2.      For punitive damages in an amount in excess of Ten Thousand Dollars
14  ($10,000.00);

15      3.      For any statutory damages according to law;

16      4.      For Injunctive Relief including the issuance of a restraining order and thereafter a
17  preliminary injunction to maintain the status quo pending final adjudication;

18      5.      For attorney's fees in the event that counsel is retained;

19      6.      For such further and other relief as the Court deems just and proper.

20
21      Dated: December, __18__ 2008

22
23
24                                    FIDEL H. PAJARILLO
                                      6706 Zephyr Wind Avenue
25                                    Las Vegas, Nevada 89139
                                      (702) 276-4766
26
27
28

10

Complaint

**VERIFICATION**

I, FIDEL H. PAJARILLO, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Clark County, Nevada.

DATED:  December 18 , 2008

FIDEL H. PAJARILLO
6706 Zephyr Wind Avenue
Las Vegas, Nevada  89139
(702) 276-4766
Plaintiff *In Pro Se*

**ACKNOWLEDGMENT**

State of Nevada    )
                   )
County of Clark    )

Before me a notary public in and for the County of Clark, State of Nevada personally appeared: FIDEL H. PAJARILLO who upon satisfactory proof shown to me established that he was the party who signed the foregoing complaint.

Dated this 18 day of December 2008.

Notary Public in and for said County and State

MICHELLE MONTANO
Notary Public State of Nevada
No. 00-60798-1
My appt. exp. Sept. 16, 2012

11

Complaint

| | |
|---|---|
| 1 | RECORDING REQUESTED BY Plaintiff FIDEL H. PAJARILLO<br>AND WHEN RECORDED MAIL TO: |
| 2 | |
| 3 | FIDEL H. PAJARILLO<br>6706 Zephyr Wind Avenue |
| 4 | Las Vegas, Nevada 89139<br>(702)276-4766 |
| 5 | Plaintiff *in Proper* Person |

FILED

2008 DEC 18  P 3:36

6
7
8

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

9

10                          DISTRICT COURT

11                        CLARK COUNTY NEVADA

12

13   FIDEL H. PAJARILLO

14                                                CASE NO. A 5 7 8 1 7 2

15                  Plaintiff,                    DEPARTMENT: II

16

17   vs.                                          NOTICE OF PENDENCY OF ACTION

18   COUNTRYWIDE HOME LOANS, RECONTRUST           NRS 14.010 Et. Seq.
     COMPANY and Does 1 through 50 inclusive,

19

20

21                  Defendant.

22

23                    **NOTICE OF PENDENCY OF ACTION**

24      Notice is given that the above-entitled action was filed in the above-entitled court on

25   December 18  2008 by FIDEL H. PAJARILLO Plaintiff, COUNTRYWIDE HOME LOANS,

26   RECONTRUST COMPANY, and DOES I through X inclusive, Defendants.  The Action affects

27

28                                          1

_____
Notice Of Pendency of Action

the title to a specific parcel of real property and the right to lawful possession of the same, the property location is: 6706 Zephyr Wind Avenue, Las Vegas, Nevada 89139.

and whose Legal description is as follows:

APN #   176-11-210-017

Lot SEVENTEEN (17) in Block ONE (1) of PINNACLE PEAKS-TORREY PINES NORTHWEST, as shown by Map thereof on file in Book 91 of Plats Page (28) in the Office of the Clark County Recorder of Clark County Nevada

and which is identified in the complaint in this action. The property affected by the action is located in the County of Clark, Nevada. The nature of the claims is (i) Fraud (ii) Civil Conspiracy (iii) Slander of Title (v) Wrongful Foreclosure (iv) Defective Notices (vi) To Set Aside A Foreclosure Sale (vii) Respa Violations, (viii) Breach of Fiduciary Duty

DATED:  December  18 , 2008.

FIDEL H. PAJARILLO
6706 ZEPHYR WIND AVENUE
LAS VEGAS, NEVADA 89139
(702)276-4766
Plaintiff in Pro Se

ACKNOWLEDGMENT

Subscribed and sworn to before me this  18  day of December, 2008

Notary Public in and for the County of Clark,
State of Nevada

MICHELLE MONTANO
Notary Public State of Nevada
No. 00-60798-1
My appt. exp. Sept. 16, 2012

2

Notice Of Pendency of Action