# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>  Defendants. | 2:09-cv-0078-LDG-GWF<br><br>**ORDER** |

After the court granted leave, plaintiff filed his second amended complaint (#38) and defendants Countrywide Home Loans, Inc., and Reconstruct Company filed their second motion to dismiss (#40, joinder #44, opposition #45, reply #46).  Plaintiff's second amended complaint fails to cure the deficiencies of his original complaint and does not allege cognizable new claims.

Plaintiff's opposition to the second motion to dismiss fundamentally ignores the fact that Nevada is a non-judicial foreclosure state.  In its previous ruling, the court held that under Nevada law there is no requirement that a trustee or beneficiary have possession of the original note before proceeding with foreclosure.  Moreover, plaintiff contractually acknowledged that the interest of the originating lender in the loan could be transferred, and that event does not excuse his financial obligation under the note.  Plaintiff's claims regarding securitization of the loan, therefore, lack legal basis.

Plaintiff's claims of breach of contract are insufficient. Plaintiff admits that he defaulted on the loan, and has alleged no contractual failure of defendants. Plaintiff's allegations of fraud and misrepresentation are insufficient as a matter of law. Not only do plaintiff's allegations fail to meet the particularity requirements of Fed. R. Civ. P. 9(b), but considering the rejection of plaintiff's securitization claims, the substance of the fraud and misrepresentation allegations fail to state a claim. Likewise, plaintiff's claims of civil conspiracy, rescission, wrongful foreclosure, and injunctive relief lack legal basis. Finally, the court previously rejected plaintiff's claims alleging Mortgage Electronic Registration Systems, Inc.'s lack of authority to foreclose, and plaintiff fails to support his additional allegations with legal authority to the contrary. Accordingly,

THE COURT HEREBY ORDERS that defendants' Countrywide Home Loans, Inc.; Reconstruct Company, and Mortgage Electronic Registration Systems, Inc.'s second motion to dismiss (#40) is GRANTED.

DATED this ___ day of September, 2010.

_____
Lloyd D. George
United States District Judge