J. CHRISTOPHER JORGENSEN, ESQ.
State Bar No. 5382
MENG ZHONG, ESQ.
State Bar No. 12145
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 385-3373
(702) 949-8398/fax

*Attorneys for Defendants Countrywide Home Loans, Inc.,
Mortgage Electronic Registration Systems, Inc.
and ReconTrust Company, N.A.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; et al., <br><br> Defendants. | Case: 2:09-cv-00078-LDG-GWF <br><br> **DEFENDANTS' MOTION TO DISMISS REMANDED CASE** |

Defendants Countrywide Home Loans, Inc ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS") and ReconTrust Company, N.A. ("ReconTrust"), through their attorneys, Lewis and Roca LLP, pursuant to the Court's Order issued on February 20, 2013 (Dkt. #66), submit the following Motion to Dismiss Plaintiff Fidel H. Pajarillo's Remanded Case. This Motion is based on the pleadings and papers on file herein, the previously filed Request for Judicial Notice (Dkt. # 6), the Supplemental Request for Judicial Notice ("RJN") being filed contemporaneously with this Motion, and the following memorandum of points and authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.   INTRODUCTION

This Court previously dismissed Plaintiff's Amended Complaint with prejudice. (Dkt. # 55.) The Ninth Circuit recently remanded the case for further consideration. Although the Ninth Circuit affirmed this Court's dismissal on nearly every issue, the Ninth Circuit had questions regarding the wrongful foreclosure claim (Count 5, Dkt. # 38), because there was nothing in the

record to show that a single entity holds both the promissory note and deed of trust. (Memorandum of Decision, Dkt. # 62.)

Defendants did not know the Ninth Circuit Court would have this concern. However, fortuitously, Defendants previously resolved this narrow issue while the case was with the Ninth Circuit, by executing and recording the assignment of beneficiary interest in the deed of trust that reunifies the note and deed. (*See* Public Records, Exhibit A to RJN).) As this assignment reunifies the note and deed, Plaintiff's wrongful foreclosure action fails as a matter of law. *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 262 (Nev. 2012) ("Because BNY Mellon was entitled to enforce both the note and the deed of trust, which were reunified, we conclude that BNY Mellon demonstrated authority over the note and to foreclose"). This Court should dismiss the remaining wrongful foreclosure claim with prejudice. (Amended Compl., Count 5, Dkt. # 38.)

## II. STATEMENT OF FACTS

### A. Pajarillo Borrowed Money and Secured the Loan with His Property

On or about December 2, 2005, Pajarillo purchased property located at 6706 Zephyr Wind Avenue, Las Vegas, Nevada, 89139. (*See* Amended Compl., ¶¶ 1, 8, Dkt. # 38.) To finance the $774,500.00 purchase, Pajarillo executed both a first mortgage loan agreement for $619,600 and a home equity line of credit for $77,450 through Countrywide Home Loans, Inc. (S*ee* Amended Compl., ¶ 8, Deeds of Trust, Promissory Note, Home Equity Line of Credit Agreement, and Property Records attached as Exhibits A-D to the previously filed Request for Judicial Notice, Dkt. # 6.)

### B. Pajarillo Defaulted and Foreclosure Began

Pajarillo has not made any payments on his loans since March of 2008. (*See* 2011 Notice of Default, Exhibit C to RJN.) In September 2008, the beneficiary of the deed of trust, MERS began foreclosure proceedings by recording a notice of default. (*See* Public Records, Exhibit A to RJN.) Despite this, the foreclosure has not been conducted. (*Id.*)

### C. This Court Dismissed Both the Complaint and Amended Complaint

After foreclosure began, Pajarillo filed a complaint against Defendants making various claims as to why his loan note was unenforceable and foreclosure improper. (*See* Compl., Dkt. #

1.) Pajarillo also filed a lis pendens on the property. (*See* Exhibit D to RJN.) In 2009, this Court dismissed the complaint for failure to state a claim. (Dkt. # 37.) Pajarillo filed an Amended Complaint in October 2009. (Dkt. # 38.) The Court dismissed the Amended Complaint for failure to state a claim also. (Dkt. # 55.) The Court did not grant leave to amend. (*Id.*)

### D. The Ninth Circuit Remands the Wrongful Foreclosure Claim Because the Record does not have an Assignment

Pajarillo appealed the dismissal. (Dkt. # 56.) Over a year after the parties completed briefing (March 2011), the Nevada Supreme Court issued *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249 (Nev. 2012), a decision that addressed many of the issues Pajarillo brought on appeal. The Nevada Supreme Court found that when a note and deed are not held by the same entity, foreclosure might be improper. *Edelstein*, 286 P.3d at 252. ("We conclude that when MERS is the named beneficiary and a different entity holds the promissory note, the note and the deed of trust are split, making nonjudicial foreclosure by either improper").

Based on the *Edelstein* decision – a decision that this Court did not have the benefit of back in 2010 when the original Pajarillo dismissal order was issued – the Ninth Circuit determined that the foreclosure on Pajarillo's property may have been improper because there was nothing in the appellate record to demonstrate that the same entity held the note and deed. (Memorandum of Decision, p. 3, Dkt. # 62.) Ninth Circuit remanded the wrongful foreclosure action for further consideration. (*Id.*) The Ninth Circuit rejected the other issues Pajarillo brought on appeal. (*Id.*)

### E. An Assignment Was Executed in August 2011 And Operates to Reunify the Note and Deed

In 2011, an assignment was executed by the beneficiary MERS to the holder of the note, Bank of America, N.A. ("BANA"). (*See* Assignment, Exhibit B to RJN.) BANA then ordered foreclosure on the property by directing the trustee, ReconTrust, to file a new notice of default. (*See* Public Records, Exhibit A to RJN.) Reunified, the note and deed are fully enforceable. *Edelstein*, 286 P.3d at 262.

. . .

. . .

. . .

## III. LEGAL ARGUMENT

### A. Legal Standard

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1664-66 (2007) (internal quotations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Factual allegations must be enough to raise a claim above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §1216, at 235-36 (3d ed. 2004)).

### B. The Wrongful Foreclosure Action (Count 5) Must Be Dismissed Because The Assignment Reunifies The Note and Deed

The wrongful foreclosure claim must be dismissed. The Ninth Circuit remanded the claim because the court record did not contain an assignment demonstrating that the note and deed are held by the same party.[1] (Memorandum of Decision, p. 2, Dkt. # 62.) MERS executed an assignment in 2011, reunifying the note and deed. (*See* Assignment, Exhibit B to RJN.) Reunified, the note and deed are fully enforceable. *Edelstein*, 286 P.3d at 262. As a result, the wrongful foreclosure action must be dismissed. *See, e.g., Sanchez v. Onewest Bank, FSB*, No.

---

[1] Defendant MERS disagrees with the proposition that having MERS as the named beneficiary on the deed of trust operates to "split" the note and deed. In *Edelstein*, the Nevada Supreme Court adopted the RESTATEMENT OF PROPERTY: MORTGAGES which states that the note and deed are not considered separated if the party enforcing the deed is the agent of the party that is holding the note. RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4, cmt. e (1997). Here, MERS did enforce the deed as the agent of the noteholder and its assigns. *Edelstein*, 286 P.3d at 258 (MERS holds "agency relationship" with noteholder and assigns). Therefore, the deed is not "split" from the note and the Ninth Circuit should have affirmed this Court on the issue of wrongful foreclosure. Regardless, any possible defect has been cured due to the existence of the assignment (Exhibit B to RJN) that unquestionably reunified the note and deed.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

614948.1

57918, 2012 WL 6589023 (Table), at *1 (Nev. Dec. 14, 2012) (unpublished) (affirming dismissal of wrongful foreclosure claim because "the note and deed of trust had been reunified at the time the notice of default was recorded on June 30, 2010. As such, the district court properly determined that IndyMac Federal Bank, FSB had standing to initiate foreclosure…the assignment of the deed of trust, along with the note, from IndyMac to OneWest Bank was proper and validly conveyed the entirety of IndyMac's interest in the loan"); *Ashley v. Mortgage Elec. Registration Sys.*, No. 57254, 2012 WL 6588956 (Table), at *1 (Nev. Dec. 14, 2012) (granting summary judgment when assignment demonstrated note and deed reunified); *Rogerson v. Countrywide Bank*, No. 3:11-cv-00728-RCJ-VPC, 2012 WL 5387697, at *1 (D. Nev. Nov. 1, 2012) (dismissing wrongful foreclosure action because assignment showed note and deed reunified); *Medina v. Quality Loan Serv. Corp.*, No. 12-CV-00428-KJD-PAL, 2012 WL 5334651, at *4 (D. Nev. Oct. 25, 2012) (same).

## IV. CONCLUSION

Based on the foregoing, pursuant to FRCP 12(b)(6), Defendants request dismissal of the wrongful foreclosure claim in the Amended Complaint. (Dkt. # 38.) Furthermore, Defendants request an order expunging the lis pendens currently filed on the property. (*See* Exhibit D to RJN.)

DATED this 20th day of February, 2013.

                                        LEWIS AND ROCA LLP

                                        By _____
                                             J. CHRISTOPHER JORGENSEN, ESQ.
                                             MENG ZHONG, ESQ.
                                             3993 Howard Hughes Pkwy., Ste. 600
                                             Las Vegas, NV 89169
                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I hereby certify that service of **DEFENDANTS' MOTION TO DISMISS REMANDED CASE** was made on the 20th day of February, 2013, by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to the following:

Fidel H. Pajarillo
6706 Zephyr Wind Avenue
Las Vegas, NV 89139
Pro Se Plaintiff

_____
an employee of Lewis and Roca LLP