# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>    Defendants. | 2:09-cv-0078-LDG-GWF<br><br>**ORDER** |

This matter comes before the court after remand by the Ninth Circuit. On appeal of this court's dismissal of plaintiff Pajarillo's complaint (#55), the Ninth Circuit affirmed on every issue but the wrongful foreclosure claim. As to that issue, the Ninth Circuit held that "since the district court did not have the benefit of Edelstein [v. Bank of N.Y. Mellon, 286 P.3d 249 (Nev. 2012),] when it issued its order of dismissal, we remand to allow the court to reconsider Pajarillo's wrongful foreclosure claim in light of that opinion." (#62 at 3). Pertinent to wrongful foreclosure claims, Edelstein stated, "we conclude that when . . . the named beneficiary and a different entity hold[] the promissory note, the note and the deed of trust are split, making nonjudicial foreclosure by either improper." Id. at 2-3 (omission by the court). Therefore, the issue remanded was whether or not the named beneficiary and a different entity held the promissory note and the deed of trust at the time of the notice of default.

As defendants point out in their motion to dismiss the remanded case (#67, response # 70, reply #71), the Ninth Circuit did not have before it in the record on appeal the fact that the Edelstein issue had been resolved by the August 2011 execution and recording of the assignment of beneficiary interest in the deed of trust that reunified the note and deed.  It was after that assignment that the current holder of the deed of trust and note, Bank of America, N.A., directed the trustee, defendant ReconTrust Company, to file a new notice of default, which occurred on August 2, 2011.  Consequently, the requirements of Edelstein are met, and defendants are entitled to dismissal as a matter of law.

After remand, the hearing on remand, and the supplemental briefing by the parties, plaintiff filed a motion to amend the complaint (#76, opposition #78, reply #80).  The court will deny this motion because such an amendment would be futile.  In the proposed second amended complaint, plaintiff appears to abandon every one of his previous claims, and asks the court to "declare who are the real parties in interest . . . to the instruments at issue here," and vaguely alludes to enforcement of rights, "legal relations," and recovery of costs and disbursements.  The proposed second amended complaint cites no new facts or law, except for the Edelstein case, which the court has previously addressed.  Moreover, a declaratory judgment claim cannot be granted without sufficiently proving an underlying claim for relief.  Accordingly,

THE COURT HEREBY ORDERS that defendants' request for judicial notice (#68) is GRANTED.

THE COURT FURTHER ORDERS that defendants' motion to dismiss the remanded case (#67) is GRANTED.

THE COURT FURTHER ORDERS that the lis pendens currently filed on the property is hereby EXPUNGED.

///

///

1  THE COURT FURTHER ORDERS that plaintiff's motion to amend the complaint (#76) is
2  DENIED.

4  DATED this _____ day of September, 2013.

            _____
            Lloyd D. George
            United States District Judge